## Case No. 6,466.

### HIGBIE v. HOPKINS.

[1 Wash. C. C. 230.][1]

Circuit Court, D. Pennsylvania. April Term, 1805.

BILLS AND NOTES—LOAN OF NOTE—DILIGENCE IN COLLECTION—ANSWER TO BILL—PROOF.

1. If A loan the note of a third person to B, B must use due diligence to recover the amount due by it; and if the debt is lost, by the insolvency of the maker, and by B's want of diligence, B must pay the amount of the note to A.

2. If the answer to a bill, contain a denial of the allegations, the plaintiff must support the statements in the bill, by testimony, and corroborating circumstances.

[Cited in Carpenter v. Providence Wash. Ins. Co., 4 How. (45 U. S.) 218.]

[Cited in Cleveland, P. & A. R. Co. v. City of Erie, 27 Pa. St. 386.]

On the 21st August, the defendant gave a receipt to plaintiff, for James Watson's note to Love, for 1350 dollars, endorsed by Love to plaintiff, and for Joseph Watson's note

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

for 1075 dollars; which the defendant promised to be accountable for to the plaintiff, when requested. The defendant filed a bill on the equity side of this court, against the plaintiff; in which he charged, that these notes were merely put into his possession for collection; and if they could not be so collected, he was to place them in the Bank of Alexandria; that he did place them there; and that the plaintiff received the small note; but that the bank delivered out the other to Joseph Watson. He also claimed a sum of 280 dollars for a negro, (Joe,) sold by plaintiff to him, to which he had no title; and that defendant, Hopkins, was obliged to pay a judgment against him, for his value, to the above amount. The answer contained a positive denial of all these allegations; and a replication having been put in, the present defendant took some depositions, to prove the insolvency of James Watson and his endorser, at the time their note became due; also, to support the allegation about the negro. It appeared, pretty clear, from the evidence, and from some letters, that the notes were loaned to Hopkins. That Joseph Watson, as the agent of Hopkins, put into the Bank of Alexandria, the note of James Watson, and withdrew it the day before it became due. That in ten days after it became due, Hopkins, supposing it had been paid, gave Higbie an order for the amount, but when he applied at the bank, he was informed that Joseph Watson had withdrawn it. On the 3d December, one month after the date of the order, Hopkins offered James Watson's note to Higbie, which he refused. Some evidence was taken, which left it a matter of doubt, whether Watson and his endorser were able to pay or not, when their note became due.

WASHINGTON, Circuit Justice, informed the jury, that as to the note, it was clearly a loan to Hopkins, and he was bound to use reasonable diligence to receive the money. If the amount of the note had been lost, by his failing to use such diligence, he was liable to the plaintiff. The jury were to weigh the evidence, as to the solvency of the drawer and endorser, when the note became due, and before it was offered to Higbie. When Higbie received information from the bank, that Joseph Watson had withdrawn the note, it does not appear that any application was then made for it. An offer to return it was made in a month after, and refused. As to the value of the negro, the allegation in the bill, that he was sold by Higbie to Hopkins, is denied. The answer, then, must be considered as true, unless contradicted by one witness, and circumstances to give it a preponderance.

Verdict for plaintiff.